UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED

MAY 16 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 1:22 CR 00015 MTS ) |
| JASON B. HECHT, | ) ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree as follows:

**1. PARTIES**

The parties are the defendant Jason B. Hecht, represented by defense counsel Jason Hine, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Conspiracy to Distribute Fentanyl, as charged in Count I of the Indictment, and Possession With Intent to Distribute Fentanyl, as charged in Count II of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's possession and distribution of controlled substances on May 15, 2021, in Ste. Genevieve County, Missouri, of which the Government is aware at this time.

1

The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3. **ELEMENTS**

As to Count I of the Indictment, charging the defendant with Conspiracy to Distribute Fentanyl, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1) and 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> One, two or more persons agreed to distribute a substance containing fentanyl, a controlled substance;
>
> Two, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and
>
> Three, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

As to Count II of the Indictment, charging the defendant with Possession With Intent to Distribute Fentanyl, including aiding and abetting the principal offense of Possession With Intent to Distribute Fentanyl, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> *One,* the defendant possessed a mixture or substance containing fentanyl, a controlled substance, and

*Two*, the defendant knew the substance he possessed was fentanyl, a controlled substance, and

*Three*, the defendant intended to distribute the fentanyl to another person.

The defendant further understands that the elements of Aiding and Abetting the commission of the principal offense are:

*One*, the defendant knew the principal offense (Possession with Intent to Distribute Fentanyl) was being committed; and

*Two*, the defendant knowingly acted in some way for the purpose of aiding the commission of that offense.

### 4. FACTS

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On Saturday, May 15, 2021, Ste. Genevieve County Deputy Sheriff Michael Bauer was traveling south on Interstate 55 near the 155 mile marker, in Ste. Genevieve County, in the Eastern District of Missouri, when he noticed a 2002 Lincoln LS passenger vehicle in front of him. The vehicle was traveling in the right lane (lane number 2) and crossed over the dotted white lines that separate lane 1 from lane 2 several times. Deputy Bauer activated his patrol vehicle's emergency equipment and stopped the vehicle.

While approaching the front passenger side of the vehicle, Deputy Bauer observed the front seat passenger making furtive movements with her left hand toward the floorboard. From his position, it appeared as though the passenger was attempting to conceal something from his view. Deputy Bauer explained to the driver his reason for stopping her, being lane violations. The

occupants inside the vehicle were identified as Tiffiny Dawn Grissom (driver), Faith Ann Sides (front passenger), and defendant Jason Buddy Hecht (rear passenger). Grissom stated she had recently experienced front-end problems with the vehicle, which made driving it in a straight line very difficult. While speaking with all three occupants, Deputy Bauer observed none of them would make eye contact with him. He also observed all three occupants' speech was mumbled and at times difficult to hear. Based on his observations of the occupant's behavior along with Sides' furtive movements, Deputy Bauer asked Grissom for permission to search the vehicle for illegal items. Grissom denied consent.

While obtaining the occupants' identification and proof of insurance for the vehicle, at about 9:38 p.m., Deputy Bauer requested that Canine Sergent C. Ochs 8520 respond to the traffic stop. Upon Sergeant Ochs' arrival at approximately 9:45 p.m., Deputy Bauer requested that he utilize his canine to conduct a sniff around the vehicle. After doing so, Deputy Bauer was informed by Sergeant Ochs that the canine had alerted to presence of narcotics inside the vehicle.

Deputy Bauer returned to the vehicle and escorted all three occupants out of the vehicle. Based on a positive alert from the canine, a probable cause search was conducted of the vehicle. Deputy Bauer began searching the area where Deputy Bauer observed Sides make the furtive movements. Deputy Bauer lifted a hooded shirt from the floorboard and located a metal container. He opened the container and observed a blue/red capsule. Deputy Bauer observed a white powder substance inside the capsule. Based on his training and professional experience, Deputy Bauer was aware that heroin and fentanyl are commonly stored inside similar capsules.

Deputy Bauer continued searching under the front passenger seat and located a clear, plastic baggie that contained several of blue/red capsules that were identical to those he found

inside the medical container. Examination of the capsules that were inside the plastic bag appeared to contain the same white powdery substance as the capsules inside the metal container. A total of 207 capsules were inside the plastic bag.

On October 19, 2021, Officer Perry Hazelwood interviewed Grissom. During the interview, Grissom admitted to acting with Hecht and Sides to knowingly possess the fentanyl pills, and described how she, Hecht and Sides came to possess the fentanyl pills that day. She told Officer Hazelwood that she would receive 8-10 fentanyl beans (capsules) each time she drove Hecht and Sides to St. Louis to purchase fentanyl. The Missouri State Highway Patrol Crime Laboratory in Flat River analyzed a sample capsule seized from Grissom's vehicle on May 15, 2021, and determined that the tablet tested contained fentanyl.

As charged in Count I of the Indictment, beginning at a time unknown but including on or about May 15, 2021, in Ste. Genevieve County, in the Eastern District of Missouri and elsewhere, defendant Hecht voluntarily and intentionally conspired and agreed with Tiffiny Grissom and Faith Sides, to knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a controlled substance.

As charged in Count II of the Indictment, on or about May 15, 2021, in Ste. Genevieve County, in the Eastern District of Missouri, defendant Hecht knowingly and intentionally aided and abetted the possession of the fentanyl seized by the investigating officers with the intent that the fentanyl be distributed to another person.

5. **STATUTORY PENALTIES**

As to Count I of the Indictment, Conspiracy to Distribute Fentanyl, and Count II of the Indictment, Possession with the Intent to Distribute Fentanyl, the defendant fully understands

that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three (3) years.

In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** As to Counts I and II of the Indictment, the parties agree that the base offense level is 24 as found in Section 2D1.1(c)(8). The parties agree that the quantity of mixture or substance containing fentanyl for which the defendant is accountable, including relevant conduct, is more than forty grams, but less than 160 grams.

(2) **Specific Offense Characteristics:** The parties have not reached agreement as to the applicability of any Specific Offense Characteristics.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), if the total offense level is 16 or higher (otherwise

two levels should be deducted), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

**(2) Other Adjustments:** The parties have not reached agreement as to whether any other adjustments pursuant to Chapter 3 of the Guidelines should apply.

c. **Other Adjustment(s)/Disputed Adjustments:** The parties have no further agreement regarding any other adjustments.

d. **Estimated Total Offense Level:** The parties do not have an estimate of the Total Offense Level. As to the offenses charged in the Indictment, defendant could be a career offender, as defined in Chapter 4, Part B, and be subject to enhanced sentencing applicable for those offenses as a career offender, including enhanced Offense Levels and Criminal History Category. If the Court finds the defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a career offender.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the

Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2) Sentencing Issues:** The parties reserve the right to appeal any sentencing issue.

  **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER**

  **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

  **b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

  **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section

3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

  **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $ 200.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

  **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9.     ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT**

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the

12

Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

13 May 2022
Date

_____
PAUL W. HAHN
Assistant United States Attorney

5-16-22
Date

_____
JASON B. HECHT
Defendant

5-16-22
Date

_____
JASON HINE
Attorney for Defendant